CLAY, Circuit Judge,
dissenting.
I respectfully dissent from the lead opinion because I believe it oversteps the bounds of judicial interpretation by essentially rewriting sections of the Bankruptcy Code. I agree with the court below that “a review of the legislative history for guidance does not provide any ... evidence that the court’s determination does not comport with Congressional intent when including the Anti-Cramdown Paragraph in Revised § 1325(a).” In re Ezell, 338 B.R. 330, 340 (Bankr.E.D.Tenn.2006). The lead opinion would require us not simply to construe an ambiguity in the statute, but actually to rewrite the statute. I would be reluctant to do so because Congress has had two years since the enactment of the statute to correct any problems that it sees with the statute and has not seen fit to do so. I would affirm based upon the well-reasoned opinion of the bankruptcy court.